UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMIE E. STRASSER,

           **Plaintiff,**

v.                                               Case No. 22-CV-1398

CHARLES LARSON, *et al.*,

           **Defendants.**

---

### DECISION AND ORDER

---

Plaintiff Jamie E. Strasser, who is representing himself and currently confined at Oshkosh Correctional Institution, brings this lawsuit under 42 U.S.C. § 1983. Strasser was allowed to proceed on a claim against defendant Dr. Charles Larson under the Eighth Amendment alleging that Dr. Larson was deliberately indifferent to Strasser's chronic pain. Strasser was also allowed to proceed on a claim against defendants Hanna Utter and Dr. Daniel LaVoie under the Eighth Amendment for alleged deliberate indifference to Strasser's medical needs when they prescribed him a cheaper blood thinner. Strasser further was allowed to proceed against defendants Utter, LaVoie, and Laurie Jean Wachholz under the Eighth Amendment for allegedly denying him pain medication while incarcerated at Green Bay Correctional Institution (GBCI).

The defendants filed a motion for summary judgment, which is fully briefed and ready for a decision. (ECF No. 50.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 3, 21.)

The defendants first argue that the claim against Utter, Dr. LaVoie, and Wachholz is barred by the doctrine of claim preclusion (*res judicata*). They state that *Strasser v. Tondkar et al.,* Case No. 21-CV-1257-WCG (*Strasser 1)*, has already dealt with the question of whether these defendants were deliberately indifferent to Strasser's medical needs in violation of the Eighth Amendment when they denied him effective pain medication. (ECF No. 51 at 9-12.)

At issue in *Strasser 1* was how defendants Dr. Farzaneh Tondkar, Dr. LaVoie, and Utter managed Strasser's chronic pain while incarcerated at GBCI. The complaint concerned the defendants' actions from June 2021 until October 29, 2021, when Strasser filed suit. (Case No. 21-1257, ECF No. 1.)[1] When Strasser transferred to GBCI on June 24, 2021, he had to resubmit approval for his prescription for the pain medication Lyrica. (*Strasser 1*, ECF No. 56, ¶¶ 50-52.) Dr. Tondkar submitted a request to Dr. LaVoie to continue Strasser's Lyrica prescription, but Dr. LaVoie denied the request because Dr. Tondkar did not submit all the required information about Strasser's medical and treatment history. (*Id.*, ¶¶ 53-55.) Dr. Tondkar did not resubmit the request and instead discontinued Strasser's Lyrica prescription. (*Id.*, ¶¶ 56-57.)

---

[1] For clarity's sake, when citing to this record, the court will use "(*Strasser 1,* ECF No. ##)" going forward.

On August 3, 2021, Strasser submitted a second medical request specifically to Dr. LaVoie requesting to be prescribed Gabapentin because he saw that Dr. LaVoie denied his request for Lyrica. (*Strasser 1,* ECF No. 56, ¶ 64.) This medical request was referred to Utter, who responded a week later, instructing Strasser to submit a disbursement request for copies of his medical records. (*Id.*, ¶ 65.) It is unclear from the record if Strasser ever did this.

On September 5, 2021, Strasser went to the Emergency Room because he was experiencing severe leg pain. (*Strasser 1*, ECF No. 56, ¶ 106.) After his Emergency Room visit, defendant Advanced Practice Nurse Prescriber Lori Wachholz prescribed Strasser 1000 mg of Tylenol as well as other accommodations for pain, such as a lower bunk restriction, a biofreeze, and a wheelchair. (*Id.*, ¶ 107.) She also put in an order for a consultation with pain services. (*Id.*)

On October 27, 2021, Strasser submitted a health services request addressed to Utter, informing her that he was "miserably in pain". (*Strasser 1,* ECF No. 56, ¶ 66.) Utter responded to Strasser the same day, informing him that he had physical therapy, a Tylenol prescription, a TENS unit, biofreeze, and an appointment scheduled with pain services. (*Id.*, ¶ 67.) Two days later, Strasser then filed *Strasser 1*.

In the summary judgment order for *Strasser 1*, the court in a footnote acknowledged that the parties in their briefs described the treatment Strasser received from October 29, 2021, through March 2023. (*Strasser 1*; ECF No. 97 at 4, n. 1.) The court noted that Strasser attempted to amend his complaint on February 24, 2022, but his motion was denied for failure to comply with Civil Local Rule 15.

Because Strasser did not supplement or amend his complaint to include events that occurred after the filing of the original complaint, the court did not analyze or rule on events that occurred after October 29, 2021.

Strasser then filed this suit on November 23, 2022. (ECF No. 1) His complaint rehashes his treatment starting back at Fox Lake in 2019 and includes all events at GBCI through October 24, 2022. (*Id.*, ¶¶ 1-50.)

"Claim preclusion bars not only issues actually decided in a prior suit, but also those that could have been raised." *Easley v. Reuss*, 247 Fed. App'x 823, 825 (7th Cir. 2007). "It requires (1) a prior final judgment on the merits; (2) the same claim; and (3) the same parties or their privies." *Id.* The court in *Strasser 1* expressly stated that it was not considering events that took place after Strasser filed his complaint on October 29, 2021. [CITE]

Although the defendants assert that Strasser could have brought in *Strasser 1* the claims pertaining to events after October 29, 2021, they do not flesh out this argument. They imply that Strasser should have either supplemented or amended his complaint in *Strasser 1* to include the events that occurred after October 29, 2021. However, Strasser was not required to supplement or amend his complaint and is allowed to file an entirely new lawsuit on those events if he so wishes. *See* Fed. R. Civ. P. 15(d).

The Seventh Circuit Court of Appeals, in *Heard V. Tilden*, 809 F.3d 974, 979 (7th Cir. 2016), held that "[t]he doctrine of 'claim preclusion generally does not bar a subsequent lawsuit for issues that arise after the operative complaint is filed' in the

4

first lawsuit. The court noted that "every day that the defendants improperly refused to treat [the plaintiff's] condition potentially constituted a new act of deliberate indifference" under the Eight Amendment. *Id.*

In *Heard*, the plaintiff brought a suit against certain defendants for failing to timely schedule a hernia surgery. *Id.* The defendants argued that the plaintiff's claims were barred by claim preclusion because, a few years prior, he had brought a nearly identical suit against the same defendants for failing to schedule a different hernia surgery. *Id.* The Seventh Circuit determined that "the defendants conceptualize too broadly the injury about which [the plaintiff] complains. It is true that this lawsuit also involves a complaint about delay in providing hernia surgery, but that is where the similarity with the earlier lawsuit ends." *Id.*

Here, the *Strasser 1* court expressly determined the events that occurred after October 29, 2021, were not a part of the scope of that lawsuit. Although Strasser's current suit concerns a limited number of events that have already been addressed by the court in *Strasser 1*, it also deals with events that have yet to be adjudicated. . As such, the court will bar under the doctrine of claim preclusion the claims as they pertain to the events that occurred from June 2021, when Strasser transferred to GBCI, to October 29, 2021, when Strasser filed suit in *Strasser 1*.

But the court still needs to consider whether Utter, Dr. LaVoie, and Wachholz were deliberately indifferent to Strasser's chronic pain from October 30, 2021, through November 23, 2022, when Strasser filed this suit. In their motion for summary

judgment the defendants did not include Proposed Findings of Fact and evidence addressing these events, relying solely on their claim preclusion argument.

Pursuant to Fed. R. Civ. P. 56(f)(2), the parties may supplement their materials to address Strasser's claim against Utter, Dr. LaVoie, and Wachholz on the merits pursuant to the schedule set forth below.

**IT IS THEREFORE ORDERED** that the court **WITHHOLDS** ruling on the defendants' motion for summary judgment to afford the parties an opportunity to supplement their summary judgment submissions to address the Plaintiff's claim of deliberate indifference against defendants Utter, LaVoie, and Wachholz during the period October 30, 2021, through November 23, 2022. The defendants' supplemental materials are due by **January 3, 2025**. Strasser's response is due by **January 17, 2025.** The defendants' reply, should they wish to file one, is due two weeks after Strasser files his response.

Dated at Milwaukee, Wisconsin this 5th day of December, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge